UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RONNIE GONZALEZ,<br><br>                              Plaintiff,<br><br>    -against-<br><br>SPARTAN ACQUISITION CORP. II, GEOFFREY STRONG, JOHN MACWILLIAMS, OLIVIA WASSENAAR, WILSON HANDLER, CHRISTINE HOMMES, JOSEPH ROMEO, MICHAEL STICE, and JAN WILSON,<br><br>                             Defendants. | Case No.: _____<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Ronnie Gonzalez ("Plaintiff"), by his undersigned attorneys, alleges upon personal knowledge with respect to himself, and information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

### NATURE OF THE ACTION

1.      This action is brought by Plaintiff against Spartan Acquisition Corp. II ("Spartan" or the "Company") and the members of the Company's board of directors (collectively referred to as the "Board" or the "Individual Defendants" and, together with Spartan, the "Defendants") for their violations of Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§ 78n(a) and 78t(a), and SEC Rule 14a-9, 17 C.F.R. § 240.14a-9, in connection with the proposed series of transactions (the "Proposed Transaction") between Spartan and Sunlight Financial, LLC (together with its subsidiaries referred to as "Sunlight"). Plaintiff also asserts a claim against the Individual Defendants for breaching their fiduciary duty of candor/disclosure under state law.

2.      On January 23, 2021, Spartan entered into an Agreement and Plan of Merger (the

1

"Merger Agreement"). On March 22, 2021, in order to convince Spartan shareholders to vote in favor of the Proposed Transaction, Defendants authorized the filing of a materially incomplete and misleading registration statement on Form S-4 with the SEC in violation of Sections 14(a) and 20(a) of the Exchange Act and in breach of the Individual Defendants' duty of disclosure.

3. In particular, the Registration Statement contains materially incomplete and misleading information concerning: (i) Sunlight's financial projections; (ii) valuation analyses conducted by management and the Board; (iii) the financial advisor to the Company, Citigroup Global Markets Inc. ("Citi"); (iv) information regarding the participation of Credit Suisse Securities (USA) LLC ("Credit Suisse"), Citi and Cowen and Company, LLC ("Cowen") (together the "Placement Agents"); and (v) communications regarding post-transaction employment.

4. The special meeting for Spartan stockholders to vote will be scheduled in the coming weeks as the transaction is expected to close in the second quarter of 2021 (the "Shareholder Vote").  It is imperative that the material information that has been omitted from the Registration Statement is disclosed prior to the Shareholder Vote so Plaintiff can cast an informed vote and properly exercise his corporate suffrage rights.

5. For these reasons, and as set forth in detail herein, Plaintiff asserts claims against Defendants for violations of Sections 14(a) and 20(a) of the Exchange Act and breach of the duty of disclosure. Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction until the material information discussed herein is disclosed to Spartan's shareholders sufficiently in advance of the Shareholder Vote or, in the event the Proposed Transaction is consummated, to recover damages resulting from the Defendants' violations of the Exchange Act and breach of the duty of disclosure.

//

## JURISDICTION AND VENUE

7. This Court has original jurisdiction over this action pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Sections 14(a) and 20(a) of the Exchange Act.

8. The Court has supplemental jurisdiction over the state law claim for breach of the duty of candor/disclosure pursuant to 28 U.S.C. § 1367.

9. Personal jurisdiction exists over each Defendant either because the Defendant conducts business in or maintains operations in this District or is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over the Defendants by this Court permissible under traditional notions of fair play and substantial justice. "Where a federal statute such as Section 27 of the [Exchange] Act confers nationwide service of process, the question becomes whether the party has sufficient contacts with the United States, not any particular state." *Sec. Inv'r Prot. Corp. v. Vigman* 764 F.2d 1309, 1315 (9th Cir. 1985). "[S]o long as a defendant has minimum contacts with the United States, Section 27 of the Act confers personal jurisdiction over the defendant in any federal district court." *Id.* At 1316

10. Venue is proper in this District under Section 27 of the Exchange Act and 28 U.S.C. § 1391, because Defendants are found or are inhabitants or transact business in this District. Indeed, Spartan maintains its principal executive offices in this District.

## PARTIES

11. Plaintiff is, and at all relevant times has been, a holder of Spartan common stock.

12. Defendant Spartan is a blank check company formed in order to effect a merger, capital stock exchange, asset acquisition, stock purchase, reorganization or other similar business

combination with one or more businesses or entities. The Company's principal executive office is located at 9 West 57th Street, 43rd Floor New York, NY 10019. Spartan's securities are quoted on the Nasdaq stock exchange under the ticker symbol "SPRQ".

13. Individual Defendant Geoffrey Strong has served as the Chief Executive Officer and as a director at all relevant times.

14. Individual Defendant John MacWilliams has served as the Chairman of the Board at all relevant times.

15. Individual Defendant Olivia Wassenaar has served as director of the Company at all relevant times.

16. Individual Defendant Wilson Handler has served as director of the Company at all relevant times.

17. Individual Defendant Christine Hommes has served as director of the Company at all relevant times.

18. Individual Defendant Joseph Romeo has served as a director of the Company at all relevant times.

19. Individual Defendant Michael Stice has served as a director of the Company at all relevant times.

20. Individual Defendant Jan Wilson has served as a director of the Company at all relevant times.

21. The Individual Defendants referred to in ¶¶ 13-20 are collectively referred to herein as the "Individual Defendants" and/or the "Board", and together with Spartan they are referred to herein as the "Defendants."

**SUBSTANTIVE ALLEGATIONS**

**I.      Background and the Proposed Transaction**

22.     Spartan Acquisition Corp. II is a special purpose acquisition entity focused on the energy value chain in North America and was formed for the purpose of effecting a merger, capital stock exchange, asset acquisition, stock purchase, reorganization or similar business combination with one or more businesses. Spartan is sponsored by Spartan Acquisition Sponsor II LLC, which is owned by a private investment fund managed by an affiliate of Apollo Global Management, Inc.

23.     Sunlight Financial is a point-of-sale finance company. Sunlight partners with contractors nationwide to provide homeowners with financing for the installation of residential solar systems and other home improvement upgrades. Sunlight's technology and credit expertise simplify and streamline consumer finance, ensuring a faster process for both contractors and homeowners.

24.     On January 25, 2021, Spartan issued a press release announcing the Proposed Transaction (the "Merger Announcement"), which states in relevant part:

> **Sunlight Financial LLC, a Premier Residential Solar Financing Platform, to List on NYSE Through Merger With Apollo-Affiliated Spartan Acquisition Corp. II**
>
> NEW YORK & CHARLOTTE, N.C.--(BUSINESS WIRE)--Sunlight Financial LLC ("Sunlight"), a premier U.S. residential solar financing platform, and Spartan Acquisition Corp. II (NYSE: SPRQ) ("Spartan"), a publicly-traded special purpose acquisition company sponsored by funds managed by an affiliate of Apollo Global Management, Inc. (NYSE: APO) (together with its consolidated subsidiaries, "Apollo"), today announced that they have entered into a definitive agreement for a business combination that will result in Sunlight becoming a publicly listed company.
>
> Upon closing of the transaction, the combined public company will be named Sunlight Financial Holdings Inc. Sunlight Financial LLC will be the new public holding company's sole operating subsidiary and Sunlight's existing management team will continue to lead the business.

**Sunlight Overview**

Sunlight is a B2B2C fintech platform that provides residential solar contractors with seamless point-of-sale ("POS") financing capabilities and delivers unique, attractive assets to capital providers. Through its proprietary technology and deep contractor network, Sunlight offers instant credit decisions and affordable solar loans to homeowners nationwide. Sunlight prides itself on creating value for all constituents it serves – solar contractors, capital providers, and consumers.

Residential solar is a multibillion-dollar market at the forefront of the fast-growing clean energy industry. To date, Sunlight has funded over $3.5 billion of loans through its proprietary platform. Sunlight's best-in-class underwriting has delivered the industry's strongest-performing residential solar loans to its funding partners. As a tech-enabled solar financing provider, Sunlight is committed to strong environmental, social and governance ("ESG") principles. Sunlight has arranged financing for more than an estimated 100,000 residential solar systems, which will produce over 500 megawatts of solar-generated electricity and avoid more than 10 million metric tons of carbon dioxide emissions.

Sunlight's existing investors include Tiger Infrastructure Partners, FTV Capital, and founder Hudson Sustainable Group.

\* \* \*

**Transaction Highlights**

The business combination reflects an estimated implied pro forma equity value at closing of $1.3 billion. In connection with the transaction, investors led by Chamath Palihapitiya, Coatue, funds and accounts managed by BlackRock, Franklin Templeton and accounts advised by Neuberger Berman Investment Advisers LLC have committed to invest $250 million in a private purchase of Spartan's Class A Common Stock at $10.00 per share immediately prior to the closing of the transaction.

Upon the closing of the transaction, existing Sunlight equityholders are expected to own approximately 50% of the combined company, Spartan stockholders are expected to own approximately 26%, and PIPE participants are expected to own approximately 19%. The pro forma board will include nominees from existing Sunlight equityholders Tiger Infrastructure Partners and FTV Capital, nominees from Spartan, and independent directors to be nominated before closing.

The Boards of Directors of each of Spartan and Sunlight have unanimously approved the transaction. The transaction will require the approval of the stockholders of Spartan and equityholders of Sunlight, the effectiveness of a registration statement to be filed with the Securities and Exchange Commission (the "SEC") in connection with the transaction, satisfaction of the conditions stated in

the definitive agreement and other customary closing conditions. The transaction is expected to close in the second quarter of 2021.

**Advisors**

Citi acted as exclusive financial advisor to Sunlight. Credit Suisse, Citi and Cowen acted as PIPE placement agents to Spartan. Hunton Andrews Kurth LLP acted as the legal advisor to Sunlight, Vinson & Elkins L.L.P. acted as the legal advisor to Spartan, Latham & Watkins LLP acted as the legal advisor to the placement agents, and Gibson Dunn & Crutcher LLP advised a transaction committee of the Board of Directors of Spartan.

25. As described below, the Registration Statement omits material information necessary for Unitholders to assess the fairness of the Proposed Transaction. It is imperative that shareholders receive the material information (discussed in detail below) that Defendants have omitted from the Registration Statement, which is necessary for shares to properly exercise their corporate suffrage rights and have an informed vote on the Proposed Transaction.

II.   **The Registration Statement Omits Material Information**

26. On March 22, 2021, Defendants filed the materially incomplete and misleading Registration Statement with the SEC. The Individual Defendants were obligated to carefully review the Registration Statement before it was filed with the SEC and disseminated to the Company's shareholders to ensure that it did not contain any material misrepresentations or omissions. However, the Registration Statement misrepresents and/or omits material information that is necessary for the Company's shareholders to make an informed decision in connection with the Proposed Transaction.

27. *First*, the Company must disclose line-item projections underlying the calculation of Free Cash Flow projections on pages 131 to 132 of the Registration Statement. In selectively disclosing certain metrics to shareholders, the Board has chosen to blindfold shareholders to fundamental valuation information—and instead, left shareholders out in the dark. In order to

correct these material omissions, to the extent the data is readily available and up to the years created, Defendants must disclose: (i) Stock-based Compensation; (ii) Net Debt; and (iv) Dividends. Failure to do so will result in Shareholders not having all material information available, and should the merger be consummated, will cause shareholders to lose the intrinsic value of their units

28.     *Second*, as stated in the Registration Statement, Spartan's officers and directors "ma[de] the necessary analyses and determination regarding the Business Combination." Registration Statement at 127. Further, the Registration Statement states that the Board relied on these "financial and valuation analys[es] of Sunlight" when determining to enter into the Merger Agreement. *Id.* Any financial analyses conducted in lieu of a fairness opinion, is of obvious importance to Spartan's stockholders asked to decide whether the Exchange Ratio is fair. This information is important so that stockholders may judge for themselves if such calculations were appropriate. Simply put, Spartan's stockholders are entitled to a fair summary of the financial analyses performed and or relied upon by the Board.

29.     *Third*, as stated in the January 25, 2021 announcement of the Proposed Transaction, Citi acted as the exclusive financial advisor to Sunlight. Shareholders must be provided with additional information relating to (1) the compensation Citi will receive for its engagement as financial advisor and (2) any potential conflicts of interest faced by Citi and/or any prior services rendered (and the compensation received) by Citi. Stockholders must be informed of the extent to which Spartan and its affiliates have received compensation from business conducted with Sunlight as it may bear on the Board's decision to recommend the Proposed Transaction.

30.     *Fourth*, in connection with the Company's November 2020 initial public offering (the "IPO"), Credit Suisse, Citi and Cowen served as the underwriters of the offering, deferring

compensation which will become payable solely in the event that the Company completes an initial business combination. The Private Placement Warrants will expire worthless if Spartan does not consummate a business combination within the requisite time period. As such, the Placement Agents are clearly incentivized to assist the Company in the completion of a business combination. Accordingly, as it relates to the Proposed Transaction, shareholders must be provided with additional information relating to (1) the compensation the Financial Advisors will receive for their engagement as financial advisors and (2) any potential conflicts of interest faced by the Placement Agents and/or any prior services rendered (and the compensation received) by the Placement Agents to Spartan and/or Sunlight (and their respective affiliates).

31. *Fifth*, the Registration Statement indicates that two members of the Board will be nominated by Spartan Acquisition Sponsor II LLC, but fails to identify any additional information. Registration Statement at 30. The Registration Statement is devoid of any information relating to the timing and nature of the discussions regarding these appointments. Communications regarding post-transaction employment during the negotiation of the underlying transaction must be disclosed to stockholders. This information is necessary for stockholders to understand potential conflicts of interest of management and the Board, as that information provides illumination concerning motivations that would prevent fiduciaries from acting solely in the best interests of the Company's stockholders.

32. In sum, the omission of the above-referenced information renders the Registration Statement materially incomplete and misleading, in contravention of the Exchange Act and the Individual Defendants' duty of candor/disclosure. Absent disclosure of the foregoing material information prior to the forthcoming Shareholder Vote, Plaintiff will be unable to cast an informed vote regarding the Proposed Transaction, and is thus threatened with irreparable harm,

warranting the injunctive relief sought herein.

## COUNT I
## Against All Defendants for Violations of Section 14(a) of the Exchange Act

33.  Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

34.  Section 14(a)(1) of the Exchange Act makes it "unlawful for any person, by the use of the mails or by any means or instrumentality of interstate commerce or of any facility of a national securities exchange or otherwise, in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors, to solicit or to permit the use of his name to solicit any proxy or consent or authorization in respect of any security (other than an exempted security) registered pursuant to section 78l of this title." 15 U.S.C. § 78n(a)(1).

35.  Rule 14a-9, promulgated by the SEC pursuant to Section 14(a) of the Exchange Act, provides that Registration Statement communications shall not contain "any statement which, at the time and in the light of the circumstances under which it is made, is false or misleading with respect to any material fact, or which omits to state any material fact necessary in order to make the statements therein not false or misleading." 17 C.F.R. § 240.14a-9.

36.  The omission of information from a Registration Statement will violate Section 14(a) if other SEC regulations specifically require disclosure of the omitted information.

37.  Defendants have issued the Registration Statement with the intention of soliciting the Company's common shareholders' support for the Proposed Transaction. Each of the Individual Defendants reviewed and authorized the dissemination of the Registration Statement, which fails to provide critical information regarding, amongst other things, (i) Sunlight's financial projections; (ii) valuation analyses conducted by management and the Board; (iii) the

financial advisor to the Company, Citi; (iv) information regarding the participation of the Placement Agents; and (v) communications regarding post-transaction employment.

38. In so doing, Defendants made misleading statements of fact and/or omitted material facts necessary to make the statements made not misleading. Each of the Individual Defendants, by virtue of their roles as officers and/or directors, were aware of the omitted information but failed to disclose such information, in violation of Section 14(a). The Individual Defendants were therefore negligent, as they had reasonable grounds to believe material facts existed that were misstated or omitted from the Registration Statement, but nonetheless failed to obtain and disclose such information to the Company's shareholders although they could have done so without extraordinary effort.

39. The Individual Defendants knew or were negligent in not knowing that the Registration Statement is materially misleading and omits material facts that are necessary to render it not misleading. The Individual Defendants undoubtedly reviewed and relied upon most if not all of the omitted information identified above in connection with their decision to approve and recommend the Proposed Transaction. The Individual Defendants were privy to and had knowledge of the financial projections and the details surrounding the process leading up to the signing of the Merger Agreement. The Individual Defendants knew or were negligent in not knowing that the material information identified above has been omitted from the Registration Statement, rendering the sections of the Registration Statement identified above to be materially incomplete and misleading. Indeed, the Individual Defendants were required to be particularly attentive to the procedures followed in preparing the Registration Statement and review it carefully before it was disseminated, to corroborate that there are no material misstatements or omissions.

40. The Individual Defendants were, at the very least, negligent in preparing and reviewing the Registration Statement. The preparation of a Registration Statement by corporate insiders containing materially false or misleading statements or omitting a material fact constitutes negligence. The Individual Defendants were negligent in choosing to omit material information from the Registration Statement or failing to notice the material omissions in the Registration Statement upon reviewing it, which they were required to do carefully as the Company's directors. Indeed, the Individual Defendants were intricately involved in the process leading up to the signing of the Merger Agreement.

41. Spartan is also deemed negligent as a result of the Individual Defendants' negligence in preparing and reviewing the Registration Statement.

42. The misrepresentations and omissions in the Registration Statement are material and Plaintiff will be deprived of his right to cast an informed vote on the Proposed Transaction if such misrepresentations and omissions are not corrected prior to the special meeting of Spartan's shareholders. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## COUNT II
### Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act

43. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

44. The Individual Defendants acted as controlling persons of Spartan within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of the Company, and participation in and/or awareness of the Company's operations and/or knowledge of the misleadingly incomplete statements contained in the

Registration Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the material statements that Plaintiff contends are incomplete and misleading.

45. Each of the Individual Defendants was provided with or had unlimited access to copies of the Registration Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

46. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein and exercised the same. The Registration Statement contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in preparing this document.

47. In addition, as the Registration Statement sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement. The Registration Statement purports to describe the various issues and information that the Individual Defendants reviewed and considered. The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

48. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

49. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) and Rule 14a-9

by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.  As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

50. Plaintiff has no adequate remedy at law.  Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## COUNT III
### Against the Individual Defendants for Breach of Fiduciary Duty of Candor/Disclosure

51. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

52. By virtue of their role as directors and/or officers of the Company, the Individual Defendants directly owed Plaintiff and all Company shareholders a fiduciary duty of candor/disclosure, which required them to disclose fully and fairly all material information within their control when they seek shareholder action, and to ensure that the Registration Statement did not omit any material information or contain any materially misleading statements.

53. As alleged herein, the Individual Defendants breached their duty of candor/disclosure by approving or causing the materially deficient Registration Statement to be disseminated to Plaintiff and the Company's other public shareholders.

54. The misrepresentations and omissions in the Registration Statement are material, and Plaintiff will be deprived of his right to cast an informed vote if such misrepresentations and omissions are not corrected prior to the Shareholder Vote. Where a shareholder has been denied one of the most critical rights he or she possesses—the right to a fully informed vote—the harm suffered is an individual and irreparable harm.

55. Plaintiff has no adequate remedy at law.  Only through the exercise of this Court's

equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment and relief as follows:

A.      Preliminarily enjoining Defendants and all persons acting in concert with them from proceeding with the special meeting of Spartan shareholders to vote on the Proposed Transaction or consummating the Proposed Transaction, until the Company discloses the material information discussed above which has been omitted from the Registration Statement;

B.      Directing the Defendants to account to Plaintiff for all damages sustained as a result of their wrongdoing;

C.      Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and expert fees and expenses; and

D.      Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: April 5, 2021                                                **MONTEVERDE & ASSOCIATES PC**

*/s/ Juan E. Monteverde*
Juan E. Monteverde (JM-8169)
The Empire State Building
350 Fifth Avenue, Suite 4405
New York, NY 10118
Tel: (212) 971-1341
Fax: (212) 202-7880
Email: jmonteverde@monteverdelaw.com

*Attorneys for Plaintiff*